## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50010 | **DATE** | January 22, 2008 |
| **CASE TITLE** | Cedric Dupree (#N-63566) vs. Sylvia Mahone, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to begin making deductions and payments toward payment of the filing fee in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#3] is granted. The court hereby appoints Andrew J. Heinisch / Reinhart, Boerner, Van Deuren, SC / 2215 Perrygreen Way / Rockford, Illinois 61107 / (815) 633-5300 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. This case is set for status on March 26, 2008, at 1:30 p.m. before Magistrate Judge Michael Mahoney.

■ **[For further details see text below.]**                                                                Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers, have violated the plaintiff's constitutional rights by: (1) denying him access to the courts; (2) retaliating against him for his lawsuits; (3) conducting an illegal body cavity search; (4) subjecting him to inhumane conditions of confinement; (5) using excessive force against him; and (6) acting with deliberate indifference to his safety and medical needs.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff has a substantial negative balance in his prison trust account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of confinement is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(1). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn:
**(CONTINUED)**

mjm

**STATEMENT  (continued)**

Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer to another correctional center.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated several colorable federal causes of action. Although the more fully developed record may belie the plaintiff's allegations, it is not the case that he could prove "no set of facts" entitling him to relief. *Haines v. Kerner*, 404 U.S. 519, 521 (1972), *reh'g denied*, 405 U.S. 948 (1972).

However, the complaint on file is unacceptable. The plaintiff is attempting to sue officials at the Dixon, Menard, and Pontiac Correctional Centers. In the context of this case, the court will entertain claims regarding the plaintiff's conditions of confinement at the Dixon Correctional Center only. Any claims regarding the plaintiff's treatment at other prisons must be filed as separate actions in the appropriate district(s). *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). [In fact, the court notes that the plaintiff has pending cases in both the Central and Southern federal judicial districts.]

Because the plaintiff does not appear to have the wherewithal to prosecute this case, his motion for appointment of counsel is granted. Andrew J. Heinisch / Reinhart, Boerner, Van Deuren, S.C. / 2215 Perrygreen Way / Rockford, Illinois 61107 / (815) 633-5300 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.