IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

F I L E D
MAY 3 0 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

Cedric Dupree,
     Plaintiff,
v.
S. Mahone, et. al.,
     Defendants.

NO. 08-C-50010

PLAINTIFF'S MOTION FOR REAPPOINTMENT OF COUNSEL

AND MOTION FOR PERMISSION TO PROCEED ON INTERROLOCARATORY APPEAL

Now comes Plaintiff pursuant to court rules (Cedric Dupree) moving this court for reappointment of counsel in the alternative to grant leave to interrolocuatary appeal. In support of his motion, Plaintiff further states:

1. I am the Plaintiff in the above captioned case before this Honorable court. I can't get legal help although I tried. See Exhibit G-4

2. I was appointed an attorney and he filed an "uncontested" motion to withdraw in which this Honorable court granted. (Ex. "A")

3. I just found this out on 5-20-08 for I wrote him asking him why he had not written.

4. Attorney Heinsch stated the reason for his withdrawal was we wasn't communicating but I wasn't getting his mail because I (by Judge Herndin's order) was transferred to another prison and returned to Pontiac only on 5-9-08 (Exhibit "B")

5. Plaintiff have mental problems that will hinder him from succeeding in this case this treatment at the Dixon Psychiatrict ward is at the fore-front of this

CASE [e.g. PLAINTIFF eating mice and feces and have been placed in 2 of the prison's mental facilities] EXHIBIT "C."

6. Other Federal and State Judges have acknowledged Plaintiff's mental handicaps in their appointment of counsel pursuant to: Macklin v. Freake, 650 F.2d 885; Merritt v. Faulkner, 697 F.2d 761 (Plaintiff is also on more than one psychotropic medication). See Exhibits: # "D" through "G-4"

7. Other counsel or the same counsel Plaintiff request to be re-appointed with his word to fully cooperate for the issues are also complicated and involve medical issues and require a professional who can cross-examine witnesses and who have knowledge of the law. (See cases at No. 8)

8. In the alternative Plaintiff moves this court to grant permission for him to appeal to the 7th Cir Court of Appeals by granting him an leave to file an interrogatory appeal to have this issue addressed by them pursuant to: Faulkner, Jackson v. McLean Co., 953 F.2d 1070, 1071; Maclin v. Pate, 440 F.2d 315, 318 [7th Cir.]; Tedder v. Fairman, 65 Ill.Dec. 398.

B. Wherefore Plaintiff prays this motion be granted in full with any other relief this Honorable court sees as being just and fit.

Respectfully,
/s/ Cedric Dupree
Plaintiff Cedric Dupree #N63566
Pontiac, IL. 61764

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CEDRIC DUPREE, N63566 <br><br> Plaintiff, <br><br> -vs- <br><br> EARLY LASTER, et al., <br><br> Defendants. | ) ) ) ) ) ) No. 02-CV-1059 DRH ) ) ) ) ) ) |

## NOTICE AND ORDER

Take Notice that the above-entitled cause is set for **JURY TRIAL** at **9:00 AM** on **May 5, 2008**, before **United States District Judge David R. Herndon**, at the **U.S. District Courthouse, Courtroom #7, 750 Missouri Avenue, East St. Louis, Illinois**;

NOW, THEREFORE, IT IS ORDERED that the Director of the Department of Corrections of the State of Illinois, and the Warden of Pontiac Correctional Center arrange to have **Cedric Dupree, N63566** present for the proceedings as notified herein and from day to day thereafter until concluded.

DATED: This __11th__ day of, April, 2008.

/s/ _David R. Herndon_
**CHIEF JUDGE
UNITED STATES DISTRICT COURT**

Exhibit B

Order Form (01/2005)   Case 3:08-cv-50010   Document 11   Filed 04/30/2008   Page 1 of 1   EX 'A'

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50010 | **DATE** | 4/30/2008 |
| **CASE TITLE** | Dupree vs. Mahone, et al | | |

**DOCKET ENTRY TEXT:**

Plaintiff's counsel's Motion to Withdraw is granted. Plaintiff's Motion for Appointment of Counsel is denied. Amended Complaint due 6/30/08. Time to effect service of process under Fed.R.Civ.P. 4 is extended to 7/30/08. Written status report due 7/28/08.

*P. Michael Mahoney* (signature)

Notices mailed by Judicial staff.

| | Courtroom Deputy Initials: | JH |
|---|---|---|

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

EXHIBIT "C"

**Name:** DUPREE, CEDRIC F
**IDOC Number:** N6356(?)
**Race:** BLK
**Hearing Date/Time:** 5/8/2008  11:14 AM
**Living Unit:** PON-N-?-01
**Orientation Status:** N/A
**Incident Number:** 200800802/1 - MEN
**Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 5/1/2008 | 200800802/1-MEN | WELBORN, GEORGE R | NORTH CELLHOUSE | 08:00 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 402 | Health, Smoking Or Safety Violations  Comments: eating and smearing feces around ce(ll) | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
OFFENDER REFUSED TO APPEAR AT COMMITTEE.

## BASIS FOR DECISION
1) R/O'S STATEMENT THAT HE WAS WATCHING CRISIS CELLS WHEN HE OBSERVED INMATE DUPREE #N63566 EATING AND SMEARING HIS OWN FECES ON THE WALLS OF C(ELL) 5-07. 2) INCIDENT WAS WITNESSED BY C/O HOOD. 3) THREE PRIOR CONVICTIONS FOR SAME CHARGE. 4) OFFENDER'S REFUSAL TO APPEAR AT COMMITTEE AND PRESENT EXONERATING EVIDENCE. IDENTIFICATION WAS BY ID CARD.

## DISCIPLINARY ACTION  *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 1 Months C Grade | 1 Months C Grade |
| 1 Months Segregation | 1 Months Segregation |
| 1 Months Commissary Restriction | 1 Months Commissary Restriction |

**Basis for Discipline:** NATURE OF OFFENSE

### Signatures
**Hearing Committee**

GOFORTH, JERRY W  - Chair Person      *signature*   05/08/08   WHI

JOHNSON, DAVID T                       C/O *signature*   05/08/08   BLK

Recommended Action Approved

**Final Comments:** N/A

DONALD A HULICK / AAR  5/12/2008           *signature*   05/12/08
**Chief Administrative Officer**            **Signature**   **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

*signature*                                05-12-08  4p
**Employee Serving Copy to Committed Person**    **When Served -- Date and Time**

Run Date: 5/12/2008 15:10:03          Page 1 of 1

# Minute Entries
1:05-cv-01201-HAB-JAG Dupree v. French et al



## U.S. District Court

## Central District of Illinois

Notice of Electronic Filing

The following transaction was received from KW, ilcd entered on 1/23/2006 at 10:13 AM CST and filed on 1/23/2006

**Case Name:** Dupree v. French et al
**Case Number:** 1:05-cv-1201
**Filer:**
**Document Number:**

**Docket Text:**
Minute Entry for proceedings held before Judge Harold A. Baker : Scheduling Conference held on 1/23/2006. Appearance of plaintiff pro se. Appearance for defendants by John Weathers. Court has found through video conference that the plaintiff seems unstable. Court will appoint counsel. Case Management order to be entered. (Court Reporter TJ.) (KW, ilcd)

The following document(s) are associated with this transaction:

**1:05-cv-1201 Notice will be electronically mailed to:**

John Joseph Weathers    jweathers@atg.state.il.us, lweitekamp@atg.state.il.us, jginter@atg.state.il.us; bmyers@atg.state.il.us

**1:05-cv-1201 Notice will be delivered by other means to:**

Cedric Dupree
N63566
PCC
Pontiac Correctional Center



plaintiff on July 28, 2003.

2) The plaintiff warned Defendants Mote, Wilson, Melvin and Walker that he would be attacked again, but he says they took no action and he was assaulted by the same inmate again on July 31, 2003. The plaintiff says this was in retaliation for his grievances and law suits. The plaintiff has stated a failure to protect and retaliation claim.

3) The plaintiff says from August of 2003 to the present, Defendants Walker, Libby, Hodge, Nolen and Pierce have failed to put him in protective custody or to take any action to protect him. Instead, they continue to place him near dangerous inmates and he continues to be assaulted. He claims failure to protect, conspiracy and retaliation.

Therefore, the court will reinstate Defendants Ramsey, Pierce, Libby, Nolen and Walker. In addition, the claims identified in the January 5, 2006 Court Order are also claims in the remaining portion of the Second Amended Complaint. *See* January 5, 2006 Court Order

## MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff participated in the hearing by video conferencing. It was clear to the court that the plaintiff is unable to represent himself. Therefore, the court will grant the plaintiff's motion for appointment of counsel and will attempt to find counsel to represent the plaintiff.

## MOTION FOR A TEMPORARY RESTRAINING ORDER

The plaintiff states that there has been a pattern of attacks against him by other inmates. The plaintiff states that he has warned the defendants about these attacks, but they continue to intentionally place him in situations where he is assaulted. The plaintiff says the defendants are conspiring to place him in danger and are retaliating for past grievances and lawsuits. The plaintiff is asking to be placed in protective custody due to concerns about his safety. The defendants are to provide a well-documented response to the plaintiff's motion within twenty-one days.

## MOTION TO CONSOLIDATE COMPLAINTS.

The plaintiff has filed a nonsensical motion asking to consolidate this case with a case he has pending in the Southern District of Illinois. The plaintiff states the case was filed in 2002. Venue for the 2002 case is apparently appropriate in the Southern District of Illinois and not in the Central District of Illinois. The motion is denied.

## DEFENDANTS

The original 16 defendants in the first complaint have been served. However, on January 5, 2005, the court dismissed Defendants Guy Pierce and Ramsey. The plaintiff's Second Amended Complaint properly states claims against these two defendants so they will be reinstated as defendants. Since these two defendants were already served and represented by Attorney John Weathers, counsel is notified that these two defendants are back in the lawsuit.

The plaintiff has filed a motion asking for additional time to fill out the paperwork for service of process on the remaining defendants. The plaintiff says he did not receive the proper paperwork. [d/e 44]. The motion is denied. To expedite this case, the clerk of the court will be

Case 3:02-cv-01059-DRH-CJP    Document 131    Filed 06/20/2006    Page 1 of 2



EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CEDRIC DUPREE,

    Plaintiff,

v.

EARLY LASTER, et al.,

    Defendants.

Case No. 02-CV-001059-DRH

## ORDER

**HERNDON, District Judge:**

On May 11, 2006, the Court held a hearing on Plaintiff's Motion for Reappointment of Counsel and Motion to Vacate Counsel's Representation (Doc. 110), as well as the Amended Motion to Withdraw as Attorney, filed by Plaintiff's then-counsel, Roland Cross (Doc. 111). At the hearing, the Court GRANTED Mr. Cross' Motion to Vacate (Doc. 111), finding that his reasons were justified that the attorney-client relationship had effectively broken down and, moreover, Plaintiff did not wish Mr. Cross to continue serving as his counsel (see Doc. 127). The Court took Plaintiff's Motion (Doc. 110) UNDER ADVISEMENT, simply because Mr. Cross was the third appointed attorney Plaintiff has had in this case (see Doc. 113).

Given the unchanging fact that the Court has previously found "the complexities of Plaintiff's claims and also his alleged diminished mental capacities

Page 1 of 2

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**



EXHIBIT
G-1

### Grievance Officer's Report

Date Received: May 6, 2005
Date of Review: May 13, 2005
Grievance # (optional): 040274

Committed Person: Dupree, Cedric
ID#: N63566

Nature of Grievance: IDR 4/20/05 written by CO Helander on 4/20/05/ADA

**Facts Reviewed:** Offender Dupree states that he received the IDR on 4/20/05 because he (Dupree) had not been given his (Dupree) prescribed medication. The offender states the lack of medication disabled him (Dupree) and the ticket violates his (Dupree) civil rights and the American With Disabilities Act.

This Grievance Officer determined the offender's grievance is not an ADA issue.

This Grievance Officer reviewed the Disciplinary Report form, the Adjustment Committee Final Summary Report form, and all other available information and determined the following:

The Disciplinary Report form indicates the report has been completed in compliance with DR 504. The offense line appropriately reflects DR 504 charges, 304-Insolence, 202-Damage or Misuse of Property, and 404-Violation of Rules. The observation area contains sufficient information to substantiate the charges. The offender was served a copy of the Disciplinary Report and the serving employee's signature is legibly noted on the report with the date and the time of serving the report.

The Adjustment Committee Report form indicates appropriate information. The Adjustment Committee reviewed the DR within 14 days of the Disciplinary Report being written. The offender requested Dr. Fisher and Dr. Garlick be interviewed. Dr. Fisher's testimony was entered, however, the testimony of Dr. Garlick was not added, as the testimony would be cumulative. The Record of Proceedings reflects the offender's statement to the Adjustment Committee with regard to his defense of the Disciplinary Report. The Adjustment Committee determined the offender guilty of 304-Insolence, 202-Damage or Misuse of Property, and 404-Violation of Rules. The Basis for Decision indicates two complete rationales recorded by the Adjustment Committee indicating why they found the offender guilty. These rationales being, the positive identification of the offender by gallery chart and the observation of the reporting employee. The documentation reflects appropriate composition of the Committee with a Chairman and at east one member. One of these individuals is a minority.

The disciplinary sanctions recommended, and approved by the CAO, are in compliance with DR 504A. However, upon further review of Dr. Fisher's testimony and discussion with Dr. Garlick, this Grievance Officer recommends the Disciplinary Report be expunged and the verbal reprimand be removed from the offender's master file. Dr. Fisher testified that he (Fisher) did not believe the lack of medication caused Dupree's anxiety attacks, but could have caused him (Dupree) to act irrational.

**Recommendation:** Based upon a total review of all available information, and a compliance check of the procedural due process safeguards outlined in Department Rule 504, it is the recommendation of this Grievance Officer that the offender's grievance be AFFIRMED. This Grievance Officer recommends the Disciplinary Report be expunged and the verbal reprimand be removed from the offender's master file.

D. Kennedy
Print Grievance Officer's Name                    Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

Date Received: 5-16-05

Comments:   [X] I concur    [ ] I do not concur    [ ] Remand

Guy D. Pierce                                       5-16-05
Chief Administrative Officer's Signature            Date

### Committed Person's Appeal To The Director

appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature        ID#        Date

Distribution: Master File; Committed Person
Page 1
DOC 0047 (Eff. 10/2001)

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE** (Continued)



Dr. Garlick, Psychology Services Administrator, further responded by stating a review of the medical file confirms that indeed there was a brief gap when the offender's prescription expired. The prescription was renewed at the next psychiatry clinic and since then the offender has been offered the prescribed medication twice daily as ordered by the treating psychiatrist.

STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
ADJUSTMENT COMMITTEE
FINAL SUMMARY REPORT

EXHIBIT
EXHIBIT 93

Name: DUPREE, CEDRIC F
IDOC Number: N63566
Race: BLK
Hearing Date/Time: 4/26/05   09:29 AM
Living Unit: PON-E-
Orientation Status: N/A
Incident Number: 200502027/1 - PON
Status: Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 4/20/05 | 200502027/1-PON | HELANDER, RONALD J | EAST HOUSE | 10:35 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 304 | Insolence | Guilty |
| 202 | Damage Or Misuse of Property | Guilty |
| 404 | Violation Of Rules | Guilty |

Comments: ORIENT. MAN. -NOISE LEVEL

| Witness Type | Witness ID | Witness Name | Witness Status | |
|---|---|---|---|---|
| Other | | DR. . FISCHER | Witness Was Called | Requested By Inmate |

Statement: HIS MEDS RAN OUT, SO, HE DIDN'T GET THEM FOR A COUPLE OF DAYS. HE DID NOT WITNESS THE INCIDENT AND WAS NOT CALLED OT THE CELL HOUSE DURING DUPREE'S EPISODE. FISCHER CONFIRMED THAT DUPREE DID HAVE A TIME LAPSE OF TWO DAYS THAT HE WAS NOT ON HIS PSYCHOTROPIC MEDICATION. FISCHER ALSO ADDED THAT HE DID NOT BELIEVE THE LACK OF MEDICATION CAUSED DUPREE'S ANXIETY ATTACKS, BUT COULD HAVE CAUSED HIM TO ACT IRRATIONAL.

Witness Interviewer Signature
I attest to the statements as being a correct reflection of the statements provided to me by witnesses

| Staff | | GARLICK, JOHN | Testimony Would Be Cumulative | Requested By Inmate |

Statement:
Witness Interviewer Signature
I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

**RECORD OF PROCEEDINGS**
REPORT READ OFFENDER STATED HE IS NOT GUILTY.
**OFFENDER SUBMITTED A WRITTEN STATEMENT
**OFFENDER ALSO SUBMITTED VARIOUS (MENTAL HEALTH EVALUATION SHEET), AND A GRIEVANCE THAT INDICATES HIS NEEDS FOR THE MEDICATION.

STATEMENT READS- "I WAS HAVING A MEDICAL EMERGENCY AND NEEDED HELP, SO I SUMMONED THE GUARDS. I'M BEING TREATED AND MEDICATED FOR PANIC/ANXIETY DISORDER. MY MEDS. HALTED BY MISTAKE. I WAS HAVING MASSIVE PANIC ATTACKS AND THE CRISES TEAM MEMBERS WERE CALLED AND MY MEDICATION WAS GIVEN TO ME.

**BASIS FOR DECISION**
BASED ON THE OBSERVATION OF R/E THAT OFFENDER DUPREE WAS STANDING AT HIS CELL DOOR YELLING ONTO THE GALLERY; THAT OFFENDER WAS KICKING HIS DOOR; THAT OFFENDER'S ACTION WAS ANNOYING TO R/E. R/E POSITIVE ID BY GALLERY CHART. THE COMMITTEE IS SATISFIED THE VIOLATION OCCURRED. THE COMMITTEE IS TAKING IN TO CONSIDERATION THE FACT THAT OFFENDER WAS OFF HIS NEEDED MEDICATION.

**DISCIPLINARY ACTION**   (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| Verbal Reprimand | Verbal Reprimand |

Run Date: 4/27/05 11:12:35
Page 1 of 2

**UPTOWN PEOPLE'S LAW CENTER**
4413 NORTH SHERIDAN • CHICAGO, IL 60640
773•769•1411    FAX 773•769•2224

May 25, 2007

**_Privileged Legal Correspondence_**

Cedric Dupree, N63566
Pontiac Correctional Center
700 West Lincoln Street
P.O. Box 99
Pontiac, Illinois 61764

Re: **Mental Health Treatment**

Dear Mr. Dupree :

We received your recent letter advising us of the problems you are having in connection with mental health issues. If you have sent us documents, we have made copies of those documents for our files, and now return your originals. Thank you very much for sharing your information. We apologize for sending this "form letter"; however, because of the volume of letters we receive, if we tried to answer each one individually, we would do little else.

We are in the midst of investigating various issues relating to the treatment of prisoners throughout the Illinois prison system. We began our investigation with the special mental health unit at Pontiac, but have since looked at Dixon's mental health program, and the Special Treatment Unit at Tamms. We have also recruited Equip for Equality to assist us. Equip for Equality is the federally mandated program which has the authority to inspect any facility where people with disabilities are confined. They have now completed inspections of Pontiac and Dixon, and will be visiting Tamms shortly. Finally, we are aware that many men 9and women) who suffer from various forms of mental illness are NOT confined in the special treatment units, and may not be given any treatment at all. We are very interested in hearing from those prisoners.

We are not committing to file a separate claim on your behalf; rather, we anticipate filing a class action case seeking an order to change the existing system, so that mental health care will be improved systemwide, and that mental health issues will be taken into consideration during the disciplinary process. While we do not anticipate seeking damages for individuals, we believe that whatever we do end up filing will benefit you, along with all of the other prisoners whose mental illness is not being properly dealt with.

We have added your name to the list of people interested in this issue, and we will let you know as our work progresses. In the meantime, we ask that you let us know if your situation changes, or if anything else happens that you think we should know about.

Take care, and keep strong.

Sincerely,

*Uptown People's Law Center*

## AFFIDAVIT OF SERVICE

I, _Cedric Dupree_, state that I served a copy of the document to which this affidavit is attached upon each party, or, if represented by counsel, upon the attorney of record for said party (ies) by enclosing the same in a sealed envelope plainly addressed as is disclosed by the pleadings of record herein and by depositing each of such envelopes in the box designated for United States mail at _Pontiac_ Correctional Center, _Pontiac_ Illinois, together with the appropriate request to the prison official responsible to affix fully prepaid thereon, on this _22_ day of _May_, 20_08_.

_____
Signature

## VERIFICATION

I, _Cedric Dupree_, the undersigned, certify and state that:

1. I am the (Petitioner/Respondent) in the above captioned legal matter.

2. I have read the foregoing application and have knowledge of its contents; and

3. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.

_____
(Your signature)

