# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50010 | **DATE** | 3/21/2011 |
| **CASE TITLE** | Dupree v. Mahone et al. | | |

**DOCKET ENTRY TEXT:**

Defendant Harvey's motion to dismiss [100] is denied. Plaintiff's claim against defendant Harvey shall be severed from this action. Within 30 days, plaintiff shall refile his claim against Harvey as a separate complaint and the clerk shall assign that case a new case number. If defendant fails to file the new complaint, his claim against Harvey will be dismissed.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

In January 2008, plaintiff, Cedric Dupree, an inmate at the Pontiac Correctional Center, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, against multiple defendants, including Christine Beasley, Richard Cation, and David Harvey, alleging that correctional officials and health care providers violated his constitutional rights in multiple ways. Beasley, Cation, and Harvey filed a motion to dismiss the claims against them arguing that plaintiff has improperly joined in one complaint separate incidents of alleged wrongdoing by multiple defendants. After Beasley, Cation, and Harvey filed their motion to dismiss, this court granted plaintiff's motion to dismiss Beasley and Cation. Therefore, only defendants' arguments pertaining to Harvey remain at issue.

### I. BACKGROUND

The remaining claims all involve events at the Dixon Correctional Center (Dixon). In Count I, plaintiff alleges that between October 5, 2006 and January 11, 2007, defendant Assistant Warden Calligan refused to provide plaintiff with legal supplies in an effort to hinder plaintiff from accessing the courts and in retaliation for plaintiff filing complaints. In Count II, plaintiff alleges on January 11, 2007, Harvey forced plaintiff to participate in an anal visual search when he was not suspected of having any contraband in order to humiliate plaintiff and in retaliation for plaintiff filing grievances and engaging in litigation against the Illinois Department of Corrections (IDOC).

In Count III, plaintiff alleges that on October 30, 2006, defendant Dr. Finn at "Dixon Psych" did not release plaintiff from suicide watch in order to hinder plaintiff's ability to take legal action against him and denied him access to legal mail and materials. Plaintiff further alleges that the room he was held in was cold and plaintiff was naked and suffering greatly. According to plaintiff, Finn did these acts, in part, to retaliate against plaintiff for successfully suing IDOC.

In Count IV, plaintiff alleges that on January 3, 2007, the Dixon tactical team used excessive form against

| STATEMENT |
|---|

him. Plaintiff further alleges that Superintendent Dusing ordered the use of excessive force against plaintiff in retaliation for plaintiff filing litigation against him and because plaintiff reported the threats of correctional officers.[1]

In Count VI, plaintiff alleges that from July 5, 2006 to the present, prison medical staff at Dixon and Pontiac failed to tend to his serious medical needs. Specifically, plaintiff contends that after he was attacked and had a groin injury, defendant Nurse Colgan refused to treat him for blood in his urine and for pain. Plaintiff asserts that "defendants" then falsified records and contaminated lab results in order to cover up their civil rights violations. Plaintiff also alleges that these acts were in retaliation for plaintiff filing past and present lawsuits against IDOC.

## II. ANALYSIS

Defendant argues plaintiff's claims in Count II against Harvey should be dismissed because plaintiff has improperly joined multiple defendants and different causes of action, and should be required to bring separate suits against each related group of defendants. Federal Rule of Civil Procedure Rule 20(a)(2) provides that:

Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Accordingly, although Claim A against Defendant 1 may be joined with Claim A against Defendant 2, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." Id. In the case of prisoners, this ensures that the required filing fees for the Prison Litigation Reform Act with be paid and prevents them from expanding the number of frivolous suits or appeals they may file without prepayment of the required fees by filing multiple suits in one case. Id. In applying Rule 20, a prisoner's complaint is not reviewed under a lesser standard than any other litigant. Turley v. Gaetz, 625 F.3d 1005, 1011 (7th Cir. 2010) (discussing George).

The court agrees with defendants that the allegations against Harvey are not related to the allegations against Finn, Dusing, or Colgan in Counts III, IV, and VI, and do not arise from the same transaction or occurrence. Plaintiff argues that all of his remaining claims arise from the same transaction because he is challenging the totality of the conditions at Dixon. However, "the plaintiff cannot [circumvent] the George ruling simply by casting his unrelated allegations all under the umbrella of 'totality.' Otherwise, every inmate could thwart George simply by using the "totality" argument." Giampaolo v. McCann, No. 07 C 7154, 2008 WL 4822878, at *1 (N.D. Ill. Nov. 3, 2008).

Plaintiff also asserts in a supplemental brief, that his claims are related because he is asserting a conspiracy claim as to all defendants. However, his complaint does not reflect this. Although each claim alleges that each defendant's retaliatory motive derives from plaintiff's litigation against IDOC, they all address separate instances by separate defendants, and appear to allege separate wrongdoings, not series of acts within a conspiracy. See Goodvine v. Ericksen, No. 09-C-0317, 2010 WL 5300528, at *1 (E.D. Wis. Dec. 17, 2010) (noting in its Rule 20 analysis that "[p]laintiff's use of the word 'pattern' suggests that he is trying to prove that the defendants entered into a conspiracy of some sort, yet the complaint does not include a conspiracy claim or otherwise plead that all thirteen defendants or any subgroup of defendants committed their wrongful acts pursuant to an agreement (explicit or tacit) to retaliate against plaintiff"). Thus, this argument also fails.

That being said, although the claims should be separated into separate actions, the statute of limitations

| STATEMENT |
|---|

has run on this claim, and therefore, it would be improper for the court to dismiss plaintiff's claim against Harvey. Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000); see also Henderson v. Bolanda, 253 F.3d 928, 931 (7th Cir. 2001) (holding that the statute of limitations for § 1983 actions filed in Illinois is two years). Rule 21 provides that, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The Seventh Circuit has held that district courts are "duty-bound to prevent those [statute of limitations] consequences by severing rather than dismissing claims" and that if they fail "in that duty, the remedy is appeal." Elmore, 227 F.3d at 1012; see also Granger v. Rauch, 388 F. App'x 537, 540 (7th Cir. 2010) (holding the same). Accordingly, the proper remedy for plaintiff's failure to separate his claim against Harvey is to sever this claim pursuant to Rule 21.

### III. CONCLUSION

Plaintiff's claim against Harvey is severed from this action. Within 30 days, plaintiff shall file an amended complaint as to Harvey and the clerk shall assign that case a new case number. If defendant fails to file the complaint, his claim against Harvey will be dismissed. See Bloomquist v. ZLB Behring, LLC, No. 06 C 6738, 2007 WL 2903181, at *4 (N.D. Ill. Sept. 28, 2007).

1. Count V involves defendants that have been dismissed and therefore, is not discussed here.